**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**SAMUEL M. BECKER,**

                **Petitioner,**

      v.                                    **CASE NO. 22-3122-SAC**

**DANIEL SCHNURR,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court will dismiss this matter for lack of jurisdiction.

A Cherokee County jury convicted Petitioner Samuel M. Becker of one count of first-degree murder, four counts of kidnapping, one count of attempted kidnapping, two counts of aggravated battery, two counts of aggravated assault, and one count of aggravated burglary and he was sentenced to life in prison plus 68 months. *State v. Becker*, 290 Kan. 842, 842-43, 846 (Kan. 2010), *superseded by statute as stated in State v. Castleberry*, 301 Kan. 170, 183 (2014). Petitioner unsuccessfully pursued a direct appeal and habeas corpus relief in the state courts. *See id.* at 843; *Becker v. State*, 2021 WL 3825218, *1 (Kan. Ct. App. Aug. 27, 2021)(unpublished

1

opinion) *rev. denied* July 24, 2015; *State v. Morgan*, 2010 WL 2245604 (Kan. Ct. App. 2010) (unpublished opinion), *rev. denied* Feb. 25, 2022.

In February 2015, Petitioner filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions. *Becker v. Cline*, Case No. 15-cv-3036-JTM, Doc. 1. The Court denied the petition in August 2016. *Becker v. Cline*, 2016 WL 4141438 (D. Kan. Aug. 4, 2016) (unpublished memorandum and order). Petitioner appealed and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *Becker v. Cline*, 699 Fed. Appx. 783 (10th Cir. 2017) (unpublished order).

After a second unsuccessful K.S.A. 60-1507 motion for habeas relief in the state courts, *see Becker v. State,* 2021 WL 3825218, Petitioner has returned to this Court. On June 17, 2022, Petitioner filed in this Court the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. As noted above, the first application was adjudicated in *Becker v. Cline*, Case No. 15-cv-3036-JTM,. Under

2

28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). When deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed with this successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id.* at 1251.

This matter appears time-barred[1] and unlikely to have merit. Thus, it would not serve the interest of justice to transfer the petition to the Tenth Circuit for possible authorization of this successive § 2254 petition. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition. Because the Court must dismiss this matter for lack of jurisdiction, it will deny Petitioner's motion to proceed in forma pauperis (Doc. 2) as moot.

---

[1] The Court has considered Petitioner's timeliness arguments (Doc. 1, p. 13) and is unpersuaded that this matter would be timely filed.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue. Because the matter is dismissed for lack of jurisdiction, the motion to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED.**

DATED:  This 21st day of June, 2022, at Topeka, Kansas.

```
                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge
```