```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**SAMUEL M. BECKER,**

                               **Petitioner,**

                **v.**                                                  **CASE NO. 22-3122-SAC**

**DANIEL SCHNURR,**

                               **Respondents.**

## MEMORANDUM AND ORDER

     This matter is a petition for writ of habeas corpus filed on June 17, 2022 under 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner Samuel M. Becker, who is proceeding pro se, is a prisoner in state custody at Hutchinson Correctional Facility in Hutchinson, Kansas. As required by Habeas Corpus Rule 4, the Court undertook a preliminary review of the petition and discovered that it is Petitioner's second application for federal habeas relief. Petitioner failed to comply with the statutory requirement that a petitioner wishing to proceed with a second application for habeas corpus relief must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Doc. 3, p. 3 (quoting 28 U.S.C. § 2244(b)(3)(A).)

     This left the Court with two options: (1) dismiss for lack of jurisdiction or, "if it is in the interest of justice," transfer the petition to the Tenth Circuit for possible authorization. (Doc. 3, p. 3 (quoting *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).)

1

Because this matter appeared time-barred and unlikely to have merit, the Court concluded that transferring this matter to the Tenth Circuit would not serve the interest of justice. (Doc. 3, p. 3.) Thus, on June 21, 2022, the Court issued a Memorandum and Order (M&O) dismissing the petition for lack of jurisdiction as a second and successive application for habeas corpus. (Doc. 3.) Petitioner has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 5.) He asks the Court to alter and amend the M&O to (1) change the term "successive petition" to "second petition," (2) correct the finding that he was pro se in his first § 2254 action, and (3) either transfer this matter to the Tenth Circuit so he may seek permission to pursue this second § 2254 petition or amend the dismissal to expressly state it is without prejudice. *Id.* at 4.

The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

In his motion to reconsider, Petitioner concedes that this is not his first petition under § 2254. (Doc. 5, p. 2.) He advises the Court, however, that he contrary to the Court's statement in the M&O, he did not  proceed pro se in his first § 2254 matter. Rather,

2

he was represented by counsel. *Id.* The Court has reviewed Petitioner's prior habeas matter and agrees: the statement in the M&O that Petitioner proceeded pro se in his prior § 2254 action was incorrect.

Petitioner also asserts that the Court's finding the present § 2254 matter is a successive petition is "a manifest error of Fact and Law" because he now raises issues that were not raised in the previous matter. (Doc. 5, p. 2.) In the M&O, the Court referred to this matter as a successive petition. (Doc. 3.) To the extent that Petitioner is concerned that a future court see the term "successive" and assume that this matter was his third petition seeking relief under § 2254, the Court points out that the M&O clearly identifies only one previous § 2254 petition. (Doc. 3, p. 2-3.) The Court further expressly states in this order that this matter is Petitioner's second § 2254 application.

The Court does not find, however, that the error it made by stating in the M&O that Petitioner proceeded pro se in his prior federal habeas matter or the possible misunderstanding by a future court that Petitioner has filed more than one prior federal habeas matter requires the Court to issue a corrected or amended M&O. Petitioner's representation by counsel in *Becker v. Cline*, Case No. 15-cv-3036-JTM is not material to the Court's decision in the M&O to dismiss the present matter as an unauthorized second § 2254 petition, and the Court was fully aware when it made that decision that this is Petitioner's second—not third—application for relief under § 2254.

Next, Petitioner asserts that a change in state law regarding

3

the timing of second actions under K.S.A. 60-1507 and a change in federal law regarding plea deals, as seen in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), "apply to Petitioner, upon which he will be granted relief." (Doc. 5, p. 3.) Liberally construing the motion to alter or amend, as is appropriate since Petitioner proceeds in this matter pro se[1], this argument may be intended to address multiple points in the M&O.

If Petitioner intended to assert the change in K.S.A. 60-1507 and the rulings in *Lafler* and *Frye* as intervening changes in the controlling law that justify granting his motion to alter or amend, such argument is unpersuasive. The United States Supreme Court issued its opinions in *Lafler* and *Frye* on March 21, 2012, nearly 3 years before Petitioner's initial § 2254 petition was filed on February 23, 2015; and more than 10 years before Petitioner filed the current § petition and the Court's order dismissing it for lack of jurisdiction. Thus, they do not constitute an intervening change in the law that would affect the Court's conclusion that this matter is an unauthorized second § 2254 petition. Nor do the amendments to K.S.A. 60-1507 affect the Court's reasoning on that point.

If Petitioner intended to assert that the identified changes in state and federal law establish that this second § 2254 petition would not be time-barred[2], such argument is also unpersuasive. The amendments to K.S.A. 60-1507 affect the timeliness of *state* habeas

---

[1] *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) ("Because James is pro se, we liberally construe his filings, but we will not act as his advocate.").
[2] The Court in the M&O held that "[t]his matter appears time-barred and unlikely to have merit" so "it would not serve the interest of justice to transfer the petition to the Tenth Circuit for possible authorization of this [second] § 2254 petition." (Doc. 3, p. 3.)

actions brought in state courts under K.S.A. 60-1507; they do not affect the timeliness of federal habeas actions brought in federal court under 28 U.S.C. § 2254. And *Lafler* and *Frye* do not address the timeliness of § 2254 actions.

Finally, Petitioner may have intended to argue that *Lafler* and *Frye* establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," on which his claims in the current matter rely. *See* 28 U.S.C. 2244(b)(2)(A). Claims that rely on that type of new rule of constitutional law need not be dismissed even when brought for the first time in a second or successive § 2254 petition. *See id.* But the Tenth Circuit has held that *Frye* and *Lafler* "do not establish a new rule of constitutional lay." *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013).

Next, Petitioner argues that he exercised diligence in seeking state and federal relief, this matter is timely, and "contrary to this Court's findings, timeliness[] is not a factor considered by the Court of Appeals in a 28 U.S.C. § 2244(b)(3) motion." *Id.* The Court considered timeliness in relation to whether the interest of justice require transfer of this unauthorized second petition to the Tenth Circuit for authorization. (Doc. 3, p. 3.) Petitioner's conclusory assertion that the matter is timely does not alter the Court's conclusion that the interest of justice do not require the transfer.

Petitioner asserts that that a transfer "would best serve the ends of justice and the interests of justice, to avoid any confusion, as this current petition has been assigned a Case Number,

5

and any application now may deem the new request to be a Third Petition." (Doc. 5, p. 2-3.) The Court is confident that the Tenth Circuit will understand the procedural history of Petitioner's applications for § 2254 relief and maintains its previous conclusion that the interest of justice does not require transfer to the Tenth Circuit for possible authorization.

Finally, the Court acknowledges Petitioner's citations to cases showing that the Tenth Circuit and other federal courts have approved of transfers to the circuit courts of unauthorized habeas petitions. (See Doc. 5, p. 3.) The current state of the law, as articulated in the M&O, is that a federal district court faces with an unauthorized second or successive § 2254 petition "may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so . . . or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Petitioner has shown no persuasive reason for the Court to alter or amend its prior conclusion that the interest of justice does not require a transfer here. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

The M&O ordered "that this matter is dismissed," but did not specify whether the dismissal was with or without prejudice. (Doc. 3, p. 4.) Petitioner now asks the Court to clarify that the dismissal was without prejudice. (Doc. 5, p. 2.) The Court will grant the request and will direct the clerk to amend the judgment to reflect that the dismissal was without prejudice. *See United States v. Pinkerton*, 721 Fed. Appx. 831, 832 (10th Cir. 2018)

6

(unpublished order) (stating that unauthorized second or successive motion dismissed for lack of jurisdiction is a dismissal without prejudice).

**IT IS, THEREFORE, BY THE COURT ORDERED** that Petitioner's motion to alter or amend judgment (Doc. 5) is **granted in part and denied in part**. The Clerk is directed to amend the judgment to reflect that the dismissal of this matter was without prejudice.

**IT IS SO ORDERED.**

DATED:  This 14th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge